IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD LOOSIER, #911422 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv147 |
| UNKNOWN MEDICAL DOCTOR, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Donald Loosier, an inmate confined at the Powledge Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983 against an unknown doctor, unknown nurse and unknown x-ray technician working at the Palestine Regional Medical Center. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Facts of the Case

The complaint was filed on March 31, 2009. The Plaintiff stated that he suffered a broken neck as a result of a fall around midnight on June 20, 2007. Unit medical personnel strapped him to a back board and had him transported to the Palestine Regional Medical Center ("PRMC"). The emergency room doctor ordered x-rays. The Plaintiff stated that he was left alone for several hours before he was given pain medication. An x-ray technician stated that he did not see anything wrong with him in the x-rays. The emergency room doctor believed the x-ray technician. The Plaintiff stated that she refused to order additional tests, but the Plaintiff subsequently added that

1

an MRI was ordered. In the mean time, he was denied pain medication. The doctor also told him, "I don't know why these people send you inmates here instead of U.T.M.B., there are citizens here and ya'll don't need to be here." The Plaintiff noted that he was given an IV drip, which included pain medication. The Plaintiff stated that he never saw that nurse or doctor again after the IV drip was started. The emergency room doctor subsequently told him that she could find nothing wrong with him on the x-rays, MRI or CAT scan. She discharged him to be returned to the Powledge Unit. He noted that she did not remove the head and neck collar nor take the tape and straps off of him. He added that she indicated that she added that she would have kept him in the hospital if he was not an inmate. The Plaintiff was sent to U.T.M.B. Galveston Hospital six days later, where it was determined that he had a broken neck.

On May 8, 2009, a Report and Recommendation was issued to dismiss the case pursuant to 28 U.S.C. § 1915A(b)(1). It was noted that PRMC is a private hospital. The Defendants worked at PRMC. It was further noted that defendants in a § 1983 lawsuit must have acted under color of state law in order to be found liable. As employees of a private hospital, the Defendants did not engage in actions under color of state law, thus there was no basis for a § 1983 lawsuit against them. The Plaintiff filed objections. The Report and Recommendation was adopted and the case was dismissed on June 24, 2009.

The Plaintiff filed a notice of appeal. The Fifth Circuit issued a decision on June 1, 2010. The Fifth Circuit found that the Plaintiff had alleged facts sufficient to state a claim of deliberate indifference against the doctor and nurse. With respect to whether the Defendants were state actors, the Fifth Circuit found that the Plaintiff should be permitted to engage in limited discovery

in order to determine whether the doctor and nurse were state actors due to a contractual relationship between PRMC and the State. The case was reversed and remanded with respect to the doctor and nurse.

On July 30, 2010, PRMC CEO Tim Flusche filed pleadings indicating that hospital records reveal that the people who provided care and treatment to the Plaintiff were Nurse Verna Harrington, Nurse Kim Foster Gilbreath and Dr. Heidi Knowles. Summons were issued for these three people. The Defendants have filed motions for summary judgment in response to the Plaintiff's claims. The Plaintiff filed a response to the motions.

<u>Knowles' Motion for Summary Judgment</u>

Dr. Heidi Knowles filed a motion for summary judgment (docket entry #79) on January 3, 2011. She attached an affidavit in support of the motion. She argued that there was no evidence that she was acted under color of state law or acted with deliberate indifference when she treated the Plaintiff in June 2007. She alternatively argued that the Plaintiff has not made a sufficient showing of an essential element of a claim under 42 U.S.C. § 1983.

Dr. Knowles noted that she was working as an independent subcontractor in the Emergency Department at PRMC pursuant to an Independent Subcontractor Agreement she had entered into with Anderson Emergency Physicians, P.A. Pursuant to the contract, she provided emergency medical services to patients in the Emergency Department during the shifts to which she was scheduled. She asserted that she did not work under a contractual relationship to practice medicine with the University of Texas Medical Branch - Galveston (the state's prison hospital), the Texas Department of Criminal Justice or any local, county or state jail or detention facility. She agreed

that physicians that provide care outside of a prison facility may be held to be state actors when they voluntarily enter into a contract to provide medical care to inmates. In her case, however, she was an independent subcontractor providing emergency medical care, and she never assumed the state's services for providing medical care to inmates. She did not become a state actor by having a single encounter with the Plaintiff, for whom she was obligated to provide services under law.

Dr. Knowles also argued that the Plaintiff failed to show that she acted with a culpable state of mind. She was the attending emergency room physician from the time the Plaintiff arrived until 7:00 a.m., when her shift ended. She ordered Morphine and Ativan to be administered to the Plaintiff, a CT scan of his head and neck and a MRI of his cervical spine. The results of the tests were pending at the time her shift expired. She denied verbally abusing him or refusing to treat him because he was an inmate. She denied that she exhibited the requisite culpable state of mind of deliberate indifference. She also noted that a negligent or inadvertent failure to provide adequate medical care is insufficient to state a § 1983 claim because such failure is not an unnecessary and wanton infliction of pain nor repugnant to the conscience of mankind. She argued that the Plaintiff failed to show that she acted with deliberate indifference.

The details of Dr. Knowles' arguments shall be discussed more fully in the Discussion and Analysis section of this Report and Recommendation.

<u>Nurses' Motion for Summary Judgment</u>

Nurses Harrington and Gilbreath (discussed jointly as "the Nurses") filed a motion for summary judgment (docket entry #82) on January 6, 2011. After reviewing the facts and history of the case, they argued that the Plaintiff has neither pled nor shown that they were state actors.

They further argued that the facts attributed to them did not rise to the level of deliberate indifference. The Nurses provided a thorough discussion concerning the case law as to why they were not state actors and why the acts attributed to them cannot be classified as deliberate indifference. Their arguments shall be discussed more fully in the discussion and analysis section of this Report and Recommendation.

## Plaintiff's Response

The Plaintiff filed a response (docket entry #89) on January 25, 2011. His response did not focus on the arguments presented by the Defendants. Instead, he asserted that the Defendants were in contempt of the discovery orders issued by this Court and by the Fifth Circuit. He correctly noted that this Court ordered the Defendants to disclose to the Plaintiff all documents relevant to the issue of whether there was a contractual relationship between PRMC and the state regarding the care of state inmates, including contracts addressing how the state would reimburse PRMC for care provided to state inmates. He complained that the Defendants never complied with the order. He characterized their actions as contemptuous repeated refusals. He further noted that he is an inmate confined at the Powledge Unit and does not have the training to investigate and research his claims.

It should be noted that the parties had the obligation to initially disclose "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control . . ." Fed. R. Civ. P. 26(a)(1)(A)(ii). Pursuant to an order of the Court, the Defendants filed notices with respect to the documents they had disclosed. With respect to documents showing a contractual relationship between PRMC and the state, the Nurses indicated

that they told the Plaintiff that "they do not have any of the documents that [he] requested. The nurses are uncertain as to whether Palestine Regional Medical Center has any of these documents." *See* docket entry #69. Dr. Knowles likewise submitted a notice indicating that she informed the Plaintiff that "she had no materials responsive to the Court-Ordered discovery." *See* docket entry #72. She submitted a copy of a letter informing him that she had no such materials in her possession, custody or control. *Id.* The Defendants did not have a duty to disclose documents that were not in their possession, custody or control. They did not have a duty to search for documents that were not in their possession, custody or control in order to provide them to the Plaintiff. The Plaintiff has not shown that they had any documents in their possession, custody or control showing a contractual relationship between PRMC and the state. There is no evidence that they violated any court orders regarding discovery.

## Discussion and Analysis

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party for summary judgment has the burden of proving the lack of a genuine dispute as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48.

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual disputes in his favor. *Anderson*, 477 U.S. at 257. The non-movant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). Mere conclusory allegations cannot defeat summary judgment. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).

It is again noted that the Plaintiff filed the lawsuit pursuant to 42 U.S.C. § 1983, which states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. To state a claim under § 1983, the Plaintiff must alleged facts

tending to show (1) that he has been "deprived of a right 'secured by the Constitution and the laws' of the United States," and (2) that the deprivation was caused by a person or persons acting "under color of" state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Section 1983 suits may, for example, be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980).

The primary issue remanded by the Fifth Circuit concerned giving the Plaintiff the opportunity to engage in limited discovery in order to establish whether the requisite contractual relationship existed between PRMC and the state regarding the care of state inmates. The Plaintiff was given the opportunity to engage in such discovery, and he has not submitted any competent summary judgment evidence showing that there was a contractual relationship between PRMC and the state regarding the care of state inmates. By comparison, the record shows that the Defendants informed the Plaintiff that they did not have any documents in their possession showing that there was a contractual relationship between PRMC and the state regarding the care of state inmates. The Plaintiff has not submitted competent summary judgment evidence showing that the Defendants were state actors. The Court and the Defendants have followed the Fifth Circuit's instructions, and the Plaintiff has not located any documents supporting a conclusion that the Defendants were state actors. At best, the Plaintiff has offered nothing other than conclusory allegations that the Defendants were state actors. Conclusory allegations cannot defeat summary judgment. The Defendants are entitled to summary judgment.

The Fifth Circuit further instructed this Court to carry out the analysis of the state actor issue anew once discovery was completed. A private residential hospital is not a state actor for purposes of § 1983 litigation. *Taylor v. Charter Medical Corp.*, 162 F.3d 827 (5th Cir. 1998). More recently, the Fifth Circuit again held that the actions of a private hospital or its employees cannot be considered state action. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). On the other hand, the Fifth Circuit noted that private action may be deemed state action where the challenged conduct may be fairly attributed to the State. *Id.* In *Bass*, the Fifth Circuit held that a private hospital and its employee could not be held liable under § 1983 just because the State placed a patient in the hospital in conjunction with commitment proceedings. *Id.* at 243.

The Defendants fully developed the legal issue of whether they could be considered state actors just because they treated the Plaintiff at PRMC in June of 2007. Defendant Knowles noted that the Fifth Circuit identified several tests to determine if a private actor's conduct can be fairly attributed to the state, including the "public function" test, the "nexus" or "state action" test, and the "joint action" test. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549-50 (5th Cir. 2005). The Fifth Circuit cited *Bass* in summarizing the tests. *Id.* at 549. The "public function" test examines whether the private entity performs a function which is exclusively reserved to the state. *Id.* at 549. The "nexus" or "state action" test examines whether the state has inserted itself into a position of interdependence with the private actor, such that it was a joint participant in the enterprise. *Id.* at 549-550. The "joint action" test examines whether private actors and the state are willful participants in joint action. *Id.* at 550.

The Plaintiff has not shown that the Defendants' conduct can be fairly attributed to the state. He did not show that the practice of medicine is exclusively reserved to the state. He has not shown that Texas is involved in the joint enterprise of practicing medicine. Finally, the Plaintiff provided no evidence that Texas and the Defendants were wilful participants in any joint action. He has not shown that they were state actors under any of the tests itemized by the Fifth Circuit. Once again, the Defendants are entitled to summary judgment.

The Defendants also cited a similar case from New York in *Sykes v. McPhillips*, 412 F.Supp.2d 197, 202 (N.D. N.Y. 2006). In that case, an inmate from the New York Department of Corrections was transferred to a local emergency department because his diabetes required emergency care. The inmate was treated by the emergency room attending physician, who was an independent contractor, as opposed to an employee. The *Sykes* court examined whether the physician voluntarily assumed the state's services for providing emergency medical care to inmates. Looking at all of the circumstances, the *Sykes* court found that the emergency room physician engaged in a single encounter with a prisoner who was presented for emergency treatment, which he was obligated under law to provide. The remote encounter, absent some voluntary assumption of a state's services, was not sufficient to establish that the doctor acted under color of state law. Even though the *Sykes* decision is not binding authority in this Circuit, it is persuasive authority for the proposition that the Defendants did not become state actors due to this isolated incident, in the absence of a showing of a voluntary assumption of state services. The Plaintiff has not submitted competent summary judgment evidence showing that the Defendants engaged in a voluntary assumption of state services. He has not shown that they were state actors.

The next issue concerns the substantive claim of deliberate indifference. Even though the Defendants are entitled to summary judgment because of the state actor issue, the Court feels compelled to briefly discuss the merits of the medical claim. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Fifth Circuit reviewed the Plaintiff's allegations and found that he had alleged facts sufficient to state a claim of deliberate indifference. The Fifth Circuit cited the Plaintiff's claim that the Defendants ignored a guard's plea for help with the Plaintiff when he was allegedly choking on his own vomit. It was also noted that he was denied any treatment or medication because of his status as a prisoner. In her motion for summary judgment, Dr. Knowles submitted competent summary judgment evidence showing that she prescribed Ativan and Morphine for pain and ordered a CT scan and MRI. She denied the Plaintiff's claim that she refused to treat the Plaintiff because he was a prisoner. The nurses cited the Plaintiff's pleadings in their motion for summary judgment for the proposition that he had not stated a claim of deliberate indifference. They did not otherwise submit competent summary judgment evidence, such as medical records, as to the care

that was actually provided. The Plaintiff's discussion in his response to the motions for summary judgment stated nothing more than he received ill treatment, abuses, suffered pain, along with humiliation and a fear of death. On the other hand, he attached his own affidavit, along with a copy of the Fifth Circuit's opinion, his appellate brief and response to the first Report and Recommendation in support of his argument that summary judgment should be denied. His affidavit went into great detail about how treatment and medication were denied. His affidavit constituted sufficient summary judgment evidence, on a level identical to Dr. Knowles' affidavit. His affidavit presented the same information that led the Fifth Circuit to hold that the Plaintiff's factual allegations were sufficient to state a potentially meritorious claim of deliberate indifference. In light of the competing affidavits, the Court must conclude that there is a genuine dispute as to material facts regarding the issue of deliberate indifference. Thus the Defendants have not shown that they are entitled to summary judgment on this one issue. Nonetheless, they are entitled to summary judgment because the Plaintiff failed to show that they were state actors when they treated him in June 2007.

In conclusion, the Defendants' motions for summary judgment should be granted based on a finding that the Plaintiff has not shown that they were state actors.

## Recommendation

It is therefore recommended that the Defendants' motions for summary judgment (docket entry nos. 79 and 82) be granted and the complaint be dismissed with prejudice pursuant to Fed. R. Civ. P. 56.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 18th day of February, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE